## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-02734-MEH

**ALI IDREES,**

Plaintiff,

v.

**StateServ Medical of Colorado, LLC**

Defendant.

---

**PROPOSED SCHEDULING ORDER**

---

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES

The scheduling conference took place on December 19, 2014 at 9:45 a.m. Karen O'Connor, Bachus & Schanker, LLC, 1899 Wynkoop Street, Suite 700, Denver, Colorado 80202, (303) 893-9800, appeared as attorney for Plaintiff, Ali Idrees. Sarah M. Stettner, Brownstein Hyatt Farber Schreck, LLP, 410 Seventeenth Street, Suite 2200, Denver, Colorado 80202, (303) 223-1000 appeared as attorney for Defendant. Philip G. May and Devin Sreecharana, May, Potenza, Baran & Gillespie, P.C., 22nd Floor, Phoenix, Arizona, 85308, (602) 252-1900, appeared telephonically as attorneys for Defendant.

### 2. STATEMENT OF JURISDICTION

The U.S. District Court for the District of Colorado has jurisdiction over the subject matter of the litigation pursuant to 28 U.S.C. Section 1331 (federal question jurisdiction) and 28 U.S.C. Section 1367 (supplemental jurisdiction).

## 3. STATEMENT OF CLAIMS AND DEFENSES

*a.     Plaintiff*

Plaintiff brings this action for damages as a result of Defendant's discrimination against him on the basis of national origin, age, disability and as a result of its retaliation against him in violation of Title VII, 42 U.S.C. § 2000e, the Americans With Disabilities Act 42 U.S.C. §§12101-12213, the Age Discrimination in Employment Act 29 U.S.C. §§621-634, and in violation of the Colorado Anti-Discrimination Act C.R.S. 24-24-01, et. seq.

Idrees is a 48 year old male. He began working for StateServ in September 2007, as a Warehouse Manager. Thereafter, Idrees was promoted to Site Manager and ultimately to Director of Operations in May 2010. In addition to receiving wages, Idrees received bonuses and expenses, and benefits. From 2007 until December 2012 Idrees was supervised by the President and CEO of StateServ Companies, L.L.C. Paul DiCosmo (DiCosmo). Idrees excelled in his position as a Warehouse Manager for StateServ. Thereafter, Idrees excelled in his position as a Site Manager for StateServ. While Idrees was a Site Manager for StateServe he consistently received performance based bonuses.

Ultimately, Idrees was promoted to and excelled in his position as a Director of Operations for StateServ. Initially, when Idrees began as the Direct of Operations StateServ only operated in: Denver, CO; Tempe, AZ; Tucson, AZ; Las Vegas, NV; and Albuquerque, NM. In 2011 and 2012, as the Director of Operations, Idrees opened sites in: Colorado Springs, CO; Brimingham, AL; Portland, OR; Miami, FL; Santa Fe, NM; and Gadsden, AL.

In November 2012, Jeff Tice ("Tice") was hired by StateServ Companies, L.L.C. as the Chief Financial Officer. StateServ Medical of Colorado, L.L.C. is a wholly owned subsidiary of

StateServ Companies, L.L.C. Beginning in December 2012, Tice began directly supervising Idrees. Prior to Tice supervising Idrees, Idrees received a raise in his annual salary in December 2012. When Idrees was introduced to Tice, Tice immediately asked Idrees where he was from, and Idrees informed Tice that he is originally from Palestine. Upon informing Tice that Idrees was from Palestine, Tice's entire demeanor towards Idrees changed and became negative.

Once Tice began supervising Idrees he immediately made discriminatory and offensive comments to Idrees. Tice also held Idrees to different standards and constantly forced Idrees to perform duties which were beyond those customarily performed by a Director of Operations.

Tice implemented new policies and procedures for receiving reimbursements without notifying Idrees of the changes. By way of example, when Idrees sent a JPEG of an expense receipt to the accounting department, which was previously permitted by accounting, Tice immediately called Idrees and reprimanded Idrees; during the reprimand Tice stated that Idrees was "fucking stupid," "Idrees should Google if he didn't know how to do his job", and that "Idrees should know how to follow the company's policy as he was the boss". However, neither Defendant nor Tice had issued any change in policy or procedure on receiving reimbursements to Idrees. Tice would not communicate his expectations to Idrees but then would harass Idrees for not having work completed in a certain manner.

On or about December 29, 2014, Idrees called DiCosmo and reported the harassment and discrimination he was suffering from Tice. Idrees had a good faith belief that the harassment he was suffering from Tice was due to his national origin, disability and age. On or about December 29, 2014, Idrees also forwarded an electronic mail sent to him from Tice to DiCosmo stating in pertinent part, "At this point I am unsure of how to respond given the constant harassment."

StateServ failed to acknowledge or investigate Idrees' complaint of harassment in December 2013. StateServ did not attempt to acknowledge of investigate Idrees' complaint of discrimination and harassment until six (6) months later in June 2013.

In January 2013, Tice notified Idrees that he would no longer be responsible for purchasing or customer service; leaving Idrees only in charge of HomeCare. In January 2013 Idrees notified Tice of his continued hearing loss. Tice began mentioning Idrees' hearing loss in meetings with other StateServ employees. Tice also made jokes about Idrees' inability to hear.

In February 2013, Idrees notified DiCosmo that his hearing loss was severe and progressive. During a February 2013 Leadership Meeting, Idrees notified the leadership team of his hearing loss. During the February 2013 Leadership Meeting, Idrees was singled out by Nikki Nemerouf (Nemerouf) and asked to speak about his national origin and where he was raised. None of the other StateServ employees present at the February 2013 Leadership meeting were asked to speak about their national origin. During this same February 2013 Leadership Meeting, Tice made a joke that Idrees could not hear because he was, "Getting Old." Idrees was immediately offended and embarrassed by Tice's comment on both his hearing and his age. Idrees responded to Tice's joke by stating that he has a medical condition. During weekly meetings held every Wednesday, Tice would single out Idrees and ask if he could "hear".

On or about June 9, 2013, Idrees again notified DiCosmo via electronic mail of the continued harassment he was suffering from Tice; to which DiCosmo stated he would notify Cynthia Kenny. On or about June 13, 2013, after suffering discrimination for months without any attempts by Defendant to properly investigate and remedy same, Idrees filed a formal complaint of discrimination with the Human Resources Department. Thereafter, Idrees dual

filed a formal Charge of Discrimination with the Colorado Civil Rights Division and the Equal Employment Opportunity Commission. On or about June 23, 2013, Idrees informed Kenny that he had filed the Charge of Discrimination. Defendant indicated it wanted to meet with Idrees to investigate his claims, but refused to allow him to have his attorney present.

After filing his formal complaints of discrimination and harassment, DiCosmo, Tice and Kenny began ignoring Idrees and refused to return calls, e-mails or text messages. On or about June 28, 2013, Idrees was notified that Defendant had terminated Tice due to a restructuring, not due to his constant discrimination and harassment of Idrees.

On or about September 5, 2013 less than three (3) months after formally complaining of discrimination and harassment, Idrees was terminated from his employment. Idrees was told he was being terminated due to company restructuring and reorganization. Idrees' position was not restructured, because Defendant soon began advertising to fill Idrees' position. Ultimately, Defendant filled Idrees' position with Keenan Kahl ("Kahl"). Upon information and belief Kahl is not disabled, was born in the United States of America and was under 40 years old at the time he replaced Idrees.

    *b.*    *Defendant:*

Mr. Idrees' job was eliminated in connection with a company reorganization of management level personnel. Further, Mr. Idrees did not demonstrate the skill set to function strategically at the Director level at which he was expected to perform, and he did not take accountability for his assigned responsibilities. The elimination of Mr. Idrees job was not based

upon any discriminatory or retaliatory motives and Defendant denies allegations to that effect made herein by Mr. Idrees and in the Complaint.

Plaintiff fails to state a claim for relief and the claims alleged may be barred in whole or in part by the applicable statute of limitations. The Complaint is barred because Plaintiff's damages, if any, were caused by Plaintiff's own acts and/or omissions. The Complaint is barred because Plaintiff has failed to mitigate his alleged damages, if any, in a reasonable manner. Plaintiff's alleged damages, if any, are barred, reduced, and/or limited pursuant to applicable limitations of awards, caps on recovery, and setoffs permitted by law.

    *c.*    *Other Parties:*  There are no other parties to this action.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

(a)      Venue is proper in this judicial district.

(b)      Idrees has timely and properly exhausted his administrative remedies by duel filing an initial Charge the Colorado Civil Rights Division (CCRD) and with the Equal Employment Opportunity Commission (EEOC) based upon grounds of national origin discrimination, age discrimination, disability discrimination and retaliation.

(c)      This lawsuit is timely filed within 90 days after Idrees' receipt of a Notice of Right to Sue from the CCRD dated July 21, 2014.

(d)      Idrees is a 48 year old male. He began working for StateServ in September 2007, as a Warehouse Manager. Thereafter, Idrees was promoted to Site

     Manager and ultimately to Director of Operations in May 2010. In addition to receiving wages, Idrees received bonuses and expenses, and benefits.

(e) From 2007 until December 2012 Idrees was supervised by the President and CEO of StateServ Companies, L.L.C. Paul DiCosmo ("DiCosmo").

(f) Initially, when Idrees began as the Direct of Operations StateServ only operated in: Denver, CO; Tempe, AZ; Tucson, AZ; Las Vegas, NV; and Albuquerque, NM.

(g) In November 2012, Jeff Tice ("Tice") was hired by StateServ Companies, L.L.C. as the Chief Financial Officer.

(h) StateServ Medical of Colorado, L.L.C. is a wholly owned subsidiary of StateServ Companies, L.L.C.

(i) Beginning in December 2012, Tice began directly supervising Idrees.

(j) Prior to Tice supervising Idrees, Idrees received a raise in his annual salary in December 2012.

## 5. COMPUTATION OF DAMAGES

**Plaintiff:** Plaintiff's preliminary computation of damages follows:

Plaintiff earned $84,000.00 per a year at the time of his unlawful termination in addition to receiving benefits. Plaintiff was without work for six full months despite diligent efforts to find alternate employment. He is seeking economic damages as "back-pay" for that time frame in the amount of $42,000 plus the total value of the benefits he had been receiving. After approximately six months of unemployment the Plaintiff found employment, where he is earning $17.50 per hour

and working 40-50 hours per week. Therefore he is earning approximately $47,600 less annually which he is seeking as "front-pay" and this figure does not include the total value of the benefits he was receiving at StateServ that he is not receiving now. Thus to date Plaintiff is seeking $89,600.00 in damages to date. This figure does not include pre and post judgment interest or the cost of benefits he was receiving such as healthcare and lost retirement income. Additionally, Plaintiff is seeking liquidated damages in the amount of $89,600.00 plus any additional costs for the lost healthcare and retirement benefits as he believes Defendant acted willfully.

**Defendant**: Because Defendant did not unlawfully terminate Mr. Idrees, Defendant is not liable and Mr. Idrees should be awarded no damages. Defendant's damages will include all fees and costs incurred in defending against Mr. Idrees' claims.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  The Rule 26(f) conference was held by phone on November 26, 2014.

b.  Karen O'Connor, attorney for Plaintiff; and Sarah Stettner, Devin Sreecharana and Philip May, attorneys for the Defendant, were present.

c.  The parties' initial Rule 26(a)(1) disclosures were made by December 12, 2014.

d.  No changes are proposed to the timing or requirement of disclosures under Rule 26(a)(1).

e.  The parties have not entered into any agreements to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents (other than Rule 26(a)(1) initial disclosures), or joint meetings with clients to discuss settlement.

f. The parties agree to use a unified exhibit numbering system, and agree to take reasonable steps to reduce discovery or other litigation costs.

g. Counsel for the parties do not anticipate that this matter will involve the discovery of a significant amount of electronically stored information. To the extent that such discovery will exist, Plaintiff requests that same be produced in its native format. Defendant needs to know the specific information sought by Plaintiff to determine if same is appropriate and reasonable. The parties agree to continue to discuss the proper method of production of electronically stored information.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case. The Parties are open to exploring an early resolution to this matter, but they have not yet had the opportunity to have any meaningful discussions on this topic.

## 7. CONSENT

All parties have consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. Each side shall be limited to 10 (ten) depositions (excluding experts) and 25 (twenty-five) interrogatories, including subparts, without leave of court.

b. Depositions shall be limited to 1 (one) day of seven hours, absent agreement of the parties or leave of court.

      c.      Each side shall be limited to 25 (twenty-five) requests for production of documents, including subparts, and 25 (twenty-five) requests for admissions, including subparts, without leave of court.

      d.      Other Planning or Discovery Orders: None.

### 9. CASE PLAN AND SCHEDULE

      a.      **Deadline for Joinder of Parties and Amendment of Pleadings:** January 30, 2015

      b.      **Discovery Cut-off:** June 26, 2015

      c.      **Dispositive Motion Deadline:** July 31, 2015

      d.      **Expert Witness Disclosure:**

            (1)    Defendant does anticipate using experts at this time but reserves the right to designate experts as discovery advances, for rebuttal or otherwise.

            (2)    Each party shall be limited to two (2) expert witnesses.

            (3)    The Parties shall designate all experts and provide opposing counsel and any *pro se* party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 24, 2015

            (4)    The Parties shall designate all rebuttal experts and provide opposing counsel and any *pro se* party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 25, 2014.

        (5)    Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

    e.    **Identification of Persons to Be Deposed:** Some of the depositions currently contemplated by the Parties are set forth below. The Parties reserve the right to object to these or any other depositions on any grounds. The Parties also reserve the right to take additional depositions consistent with this order. The following schedule is contingent upon the availability of the witnesses and counsel, is subject to change without leave of court, and does not excuse the Parties from complying with the notice and scheduling requirements of D.C.COLO. LCivR 30.1.

| *Name of Deponent* | *Date of Deposition* | *Time of Deposition* | *Expected Length of Deposition* |
| --- | --- | --- | --- |
| Plaintiff Ali Idrees | TBD | TBD | Seven hours |
| Representative of the Defendant | TBD | TBD | Seven hours |

    f.    The Parties have agreed that submission of written interrogatories shall be completed by May 15, 2015.

    g.    The Parties have agreed that submission of requests for production of documents and requests for admissions shall be completed by May 15, 2015.

### 10. DATES FOR FURTHER CONFERENCES

    a.    Status conferences will be held in this case at the following dates and times:

_____

_____

  b.  A final pretrial conference will be held in this case on _____at \_\_\_\_\_ o'clock \_\_.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

  a.  All discovery or scheduling issues were agreed upon.  The Parties agreed to address the production of electronically stored information as the need arises, if at all.

  b.  Plaintiff requests a trial by jury and anticipates a trial of 5 days.

  c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities in Colorado Springs, Grand Junction, or Durango: None

## 12. NOTICE TO COUNSEL AND *PRO SE* PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO. LCivR 6.1D by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO. LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this _____ day of _____ 2014.

BY THE COURT:

_____
United States Magistrate Michael E. Hegarty

APPROVED:

/s/ Karen O'Connor_____
Karen O'Connor
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, Colorado 80202
*Attorneys for Plaintiff*

*/s/* Devin Sreecharana_____
Philip G. May*
Devin Sreecharana*
May, Potenza, Baran & Gillespie, P.C.
201 N. Central Ave., 22nd Floor
Phoenix, AZ 85004
*Attorneys for Defendant*
*\* Admitted Pro Hoc Vice*

William C. Berger
Sarah M. Stettner
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street
Suite 2200
Denver, CO 80202-4432
*Attorneys for Defendant*